# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PETER J. HELFRICH,<br><br>            Plaintiff,<br><br>      v.<br><br>STATE OF NEVADA ex rel ATTORNEY GENERAL OF NEVADA et al.,<br><br>            Defendants. | 2:16-cv-00574-GMN-GWF<br><br>**SCREENING ORDER** |

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis* and a motion for telephonic hearing.[1] (ECF No. 1, 1-1, 2). The Court now addresses Plaintiff's application to proceed *in forma pauperis* and screens his civil rights complaint pursuant to 28 U.S.C. § 1915A.

## I.    *IN FORMA PAUPERIS* APPLICATION

Before the Court is Plaintiff's application to proceed *in forma pauperis.* (ECF No. 1). Based on the information regarding Plaintiff's financial status, the Court finds that Plaintiff is not able to pay an initial installment payment toward the full filing fee pursuant to 28 U.S.C. § 1915. Plaintiff will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

## II.   SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See*

---

[1] The Court denies Plaintiff's motion for telephonic hearing (ECF No. 2).

28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not

require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### III.  SCREENING OF COMPLAINT

In the complaint, Plaintiff sues multiple defendants for events that took place while Plaintiff was incarcerated at High Desert State Prison ("HDSP"). (ECF No. 1-1 at 1). Plaintiff sues Defendants Lieutenant Ronald Oliver, Sergeant Dario Sanchez, Law Library Supervisor Mike "Don" Anderson, Assistant Warden Nash, Assistant Warden Howell, Former NDOC Director James Greg Cox, State of Nevada ex rel the Attorney General of Nevada, and John/Jane Does. (*Id.* at 1-3, 5). Plaintiff alleges one count and seeks injunctive relief, monetary damages, expungement of OIC #388839, and reinstatement of any "good time" lost or taken. (*Id.* at 7, 22-23).

In the complaint, Plaintiff alleges the following: On March 18, 2015, Sanchez had

1  refused to provide Plaintiff with a copy of his amended notice of charges.  (*Id.* at 8).  The
2  amended charges had changed the MJ51 charge to an MJ48 charge and had changed the
3  MJ31 charge to an MJ9 charge. (*Id.*).  However, Plaintiff did not receive the new notice of
4  charges until March 25, 2015. (*Id.*).  This delay deprived Plaintiff of his due process right to
5  prepare for his hearing.  (*Id.*).  At the disciplinary hearing, Oliver refused to allow Plaintiff to
6  read an affidavit from Plaintiff's eye witness.  (*Id.* at 9).  Anderson had illegally taken an
7  affidavit from Plaintiff's witness, Richard Simons.  (*Id.* at 10).  Oliver and Sanchez were not
8  impartial decision makers.  (*Id.* at 13).  Plaintiff had written an informal grievance against
9  Oliver for "tossing" Plaintiff's cell.  (*Id.* at 18).

10       The Court dismisses the complaint in its entirety because it is duplicative.  Plaintiff
11  raised these same allegations in Count 6 of the amended complaint in *Helfrich v. Cox*,
12  2:15-cv-00384-JCM-PAL.  (ECF No. 4-1 at 34-54).  The screening order on the amended
13  complaint in that case had permitted the retaliation claim to proceed against Defendant
14  Anderson and the due process claims to proceed against Defendants Oliver and Sanchez.
15  (ECF No. 19 at 12-13).  The Court notes that the parties in that case held an Inmate Early
16  Mediation Conference on July 29, 2016 and are currently in the process of finalizing a
17  settlement agreement.  (ECF No. 39, 43).

18       The Court notes that duplicative litigation by a plaintiff proceeding *in forma pauperis*
19  may be dismissed as malicious under 28 U.S.C. § 1915(e).  *See Cato v. United States*, 70
20  F.3d 1103, 1105 n.2 (9th Cir. 1995) (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th
21  Cir.1988) (holding that repetitious litigation of virtually identical causes of action is subject to
22  dismissal as malicious)); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir.1993) (holding that
23  it is malicious for a "pauper" to file a lawsuit that duplicates allegations of another pending
24  federal lawsuit by the same plaintiff).  As such, the Court dismisses the complaint, with
25  prejudice, as malicious.

26
27
28

The Court further notes that this current dismissal is Plaintiff's third strike.[2] Pursuant to 28 U.S.C. § 1915(g), "if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he may not proceed *in forma pauperis* and, instead, must pay the full $350.00 filing fee in advance unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## IV.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) without having to prepay the full filing fee is **GRANTED**. Plaintiff shall **not** be required to pay an initial installment fee. Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act, the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **Peter J. Helfrich, #1111875** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk shall send a copy of this order to the attention of **Albert G. Peralta, Chief of Inmate Services for the Nevada Department of Prisons,** P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise

---

[2] In *Helfrich v. Cox*, 2:15-cv-00384-JCM-PAL, the Ninth Circuit Court of Appeals dismissed Plaintiff's appeal as frivolous. (ECF No. 15, 16). In *Helfrich v. Marshall*, 2:15-cv-00393-KJD-GWF, the Ninth Circuit Court of Appeals dismissed Plaintiff's appeal as frivolous. (ECF No. 59, 60). These dismissals constitute two strikes under 28 U.S.C. § 1915(g). *Richey v. Dahne*, 807 F.3d 1202, 1208 (9th Cir. 2015).

unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act.

**IT IS FURTHER ORDERED** that the motion for telephonic hearing (ECF No. 2) is denied.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that the complaint is dismissed, with prejudice, in its entirety as malicious.

**IT IS FURTHER ORDERED** that this dismissal constitutes Plaintiff's third strike under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that this Court certifies that any *in forma pauperis* appeal from this order would **not** be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly.

DATED: This __13__ day of September, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court