**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PETER J. HELFRICH,

    Plaintiff,

    v.

STATE OF NEVADA ex rel, et al.,

    Defendants.

2:16-cv-00574-GMN-GWF

**ORDER**

## I. DISCUSSION

On September 13, 2016, this Court issued a screening order dismissing the complaint in its entirety because the complaint was duplicative. (ECF No. 3 at 4). The Court noted that Plaintiff had raised the same allegations in Count 6 of the amended complaint in *Helfrich v. Cox*, 2:15-cv-384-JCM-PAL. (*Id.*). The Court found that the duplicative litigation was malicious and constituted Plaintiff's third strike under 28 U.S.C. § 1915(g). (*Id.* at 4-5). On September 14, 2016, the Clerk of Court entered judgment. (ECF No. 5).

On September 28, 2016, Plaintiff filed a motion for reconsideration. (ECF No. 6). In the motion, Plaintiff argues that he should not have a strike because he did not know that the Court had filed the instant action because he did not receive confirmation from the Court. (*Id.* at 4). Plaintiff also states that he had filed a motion to recuse Judge Mahan but then Judge Mahan later "fairly" screened his amended complaint in the other case. (ECF No. 3-4).

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d

1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

The Court denies Plaintiff's motion for reconsideration. Plaintiff has not established that the Court had committed clear error, that there was an intervening change in controlling law, or that there is newly discovered evidence. In fact, after reviewing the procedural history of both cases, it appears that Plaintiff was dissatisfied with Judge Mahan's July 5, 2015 screening order directing Plaintiff to file an amended complaint. (*See* 2:15-cv-00384-JCM-PAL, ECF No. 2). Plaintiff filed his amended complaint on August 7, 2015. (ECF No. 4). On November 16, 2015, Plaintiff filed a motion to recuse Judge Mahan from the case. (ECF No. 12).

On March 15, 2016, Plaintiff filed the instant case which contained the same allegations in Count 6 of the amended complaint in Judge Mahan's case. (*See* 2:16-cv-00574-GMN-GWF, ECF No. 1). Approximately one month later, on April 11, 2016, Judge Mahan issued a screening order on Plaintiff's amended complaint and permitted the allegations in Count 6 to proceed. (*See* 2:15-cv-00384-JCM-PAL, ECF No. 19 at 15). Plaintiff did not file any notice with the Court withdrawing the instant lawsuit.

Plaintiff argues that he did not know that the Court had received his lawsuit because he did not receive confirmation from the Court. The Court finds this argument meritless. The Court has reviewed Plaintiff's federal court filing history and, of the eleven cases that Plaintiff has filed in federal court, Plaintiff has only received two confirmation letters from the Court. In June 2016, the Court started sending plaintiff-inmates inmate advisory letters after the Court received initiating case documents from plaintiff-inmates. Plaintiff's two confirmation letters are dated after June 1, 2016. As such, the Court never sent Plaintiff any confirmation letters prior to June 2016. Plaintiff cannot now allege that he did know about one of the eight

previous lawsuits that he filed with this Court. The Court denies the motion for reconsideration. Plaintiff continues to have three strikes.

**II.   CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the motion for reconsideration (ECF No. 6) is denied.

DATED: This \_\_17\_\_ day of October, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court

3